UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRIAN DANIEL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos. 1:10-CR-76-CLC-CHS-1
1:16-CV-433-CLC |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Brian Daniel ("petitioner") which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, petitioner's § 2255 motion [Doc. 35] will be **GRANTED.**

---

[1] By order dated October 20, 2016, the Sixth Circuit authorized petitioner to file a second or successive § 2255 motion, finding that petitioner has made a prima facie showing that his *Johnson* claim relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2) [Doc. 34]. The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

I.      BACKGROUND

On April 27, 2010, a grand jury sitting in the Eastern District of Tennessee returned a three-count indictment against petitioner charging him at Count One with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); at Count Two with attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C); and at Count Three with possession of equipment, chemicals, products and materials which could be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) [Doc. 1]. On July 15, 2010, petitioner entered a plea of guilty as to Count One [Doc. 11].

The presentence investigation report ("PSIR") identified six previous convictions for a violent felony, committed on occasions different from one another, that qualified petitioner as an armed career criminal under the ACCA. All six of these convictions were for aggravated burglary under Tennessee law [PSIR ¶¶ 32 (two counts),[2] 33, 34, 35 and 38]. As an armed career criminal, petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range was 188 to 235 months [PSIR ¶¶ 57 and 58].

---

[2] The ACCA requires three previous convictions committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). The Sixth Circuit has held that "under the ACCA, a career criminal is one who has been convicted of three criminal 'episodes.'" *United States v. Hockenberry*, 730 F.3d 645, 667 (6th Cir. 2013) (quoting *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008)). "Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *McCauley*, 548 F.3d at 448. Accordingly, crimes that a defendant commits against different victims, in different places, and at different times, will generally be separate offenses. *Hockenberry*, 730 F.3d at 667. Thus, "even when convictions 'were sentenced on the same day, they count separately for purposes of calculating an ACCA enhancement.'" *Id.* (quoting *United States v. Kearney*, 675 F.3d 571, 575 n. 5 (6th Cir. 2012)).

On November 4, 2010, petitioner was sentenced to a term of imprisonment of 180 months at Count One of the indictment to be followed by a term of supervised release of five years [Doc. 16]. Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion pro se on October 6, 2011, alleging numerous grounds of ineffective assistance of counsel [Doc. 18]. On March 31, 2015, the Court denied petitioner's motion, finding that petitioner's claims lacked merit [Docs. 28 and 29]. Petitioner did not seek a certificate of appealability.

On June 17, 2016, petitioner, through court-appointed counsel, filed a proposed second § 2255 motion challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 31]. Because petitioner had not received authorization to file a second or successive petition, the Court transferred the motion to the Sixth Circuit for certification pursuant to 28 U.S.C. § 1631 [Docs. 32 and 33]. On October 20, 2016, the Sixth Circuit granted petitioner's request for certification and authorized this Court to consider petitioner's proposed application for relief [Doc. 34]. That same day, petitioner filed his proposed § 2255 motion challenging his armed career criminal designation under *Johnson* as authorized by the Sixth Circuit [Doc. 35].

On June 27, 2017, the Sixth Circuit issued its *en banc* decision in *Stitt* holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856. On August 1, 2017, the parties filed a joint status report agreeing that petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 40].

3

## II. ANALYSIS

### 1. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review"); *In re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, petitioner filed his proposed § 2255 motion raising a *Johnson* claim on June 17, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

## 2. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## 3. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, all six of petitioner's predicate offenses were convictions for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [PSR ¶¶ 32 (two counts), 33, 34, 35 and 38]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under

6

the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[3] and *Johnson* invalidated the residual clause, petitioner's aggravated burglary convictions under the Tennessee statute can no longer be used as predicate offenses under the ACCA. Furthermore, absent those convictions, petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 180-month term of imprisonment and 5-year term of supervised release imposed by the Court exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, the parties submit that the appropriate relief would be to correct petitioner's sentence to a sentence of time served and to reduce the supervised

---

[3] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 40 p. 2].

7

release term imposed to 3 years. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and will enter an order accordingly.

4. **CONCLUSION**

For the reasons set forth herein, the Court finds that petitioner is entitled to relief under § 2255 and will grant petitioner's § 2255 motion [Doc. 35]. Since petitioner already has served approximately 87 months in prison, a total which exceeds the currently applicable advisory guideline sentencing range for a non-ACCA offender,[4] the parties have agreed that a reduction in petitioner's custodial sentence to time served would be the appropriate form of relief in this case [Doc. 40 p. 3]. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a term is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce petitioner's term of imprisonment to a sentence of "time served" at Count One of the indictment. While petitioner is entitled to discharge from custody, this order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the Judgment imposed on November 4, 2010 [Doc. 16], will be amended to reflect a term of supervised release of 3 years at Count One of the indictment. In all other respects, the Judgment imposed on November 4, 2010, shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

---

[4] Petitioner's total offense level under the current advisory United States Sentencing Guidelines would be 16 and his criminal history category would be V, resulting in an advisory guideline range of 41 to 51 months.